Argued March 4, affirmed March 30, 1966

## TEREN ET UX *v.* THE FIRST NATIONAL BANK OF CHICAGO ET AL

412 P. 2d 794

*Clifford N. Carlsen, Jr.,* Portland, argued the cause for appellants. With him on the briefs were King, Miller, Anderson, Nash & Yerke, and William B. Crow, Portland.

*Brian G. Booth,* Portland, argued the cause for respondents. With him on the brief were Davies, Biggs, Strayer, Stoel & Boley, Manley B. Strayer and Cleveland C. Cory, Portland.

Before PERRY, Presiding Judge, and SLOAN, GOODWIN, HOLMAN and SCHWAB, Justices.

SLOAN, J.

In 1951, plaintiff Nils Teren, as president of Columbia River Paper Company, was instrumental in creating a pension plan for employees of that company and its subsidiaries. Teren became a contributing participant in the plan. In 1962, the stock of the Columbia River Paper Company was purchased by defendant Boise Cascade Paper Corporation. For a time after Boise Cascade bought the company, Teren was continued as an employee. In a few months he was discharged. He was then short of the retirement age of 65 as required by the pension plan by about 7 months. After he was discharged, Teren applied for early retirement benefits which were permitted but not required by the plan. The Retirement Committee of Boise Cascade denied him a pension. Teren brought this suit to compel Boise Cascade to pay him the benefits. The trial court refused to and Teren appeals.

It is not claimed that Teren's discharge was not for cause or that it was for the purpose of avoiding payment of the pension. The pension plan specifically provided that the Retirement Committee had the power of decision. Early retirement was permitted only "with the consent of the Retirement Committee." Termination of employment entitled a participant to the return of contributions made, plus interest. A participant had no other vested right in the pension plan until he

reached retirement age. Any payment of benefits prior to attaining age 65 was entirely voluntary and could not be compelled.

Teren claims the Retirement Committee acted arbitrarily and capriciously in refusing to allow him his benefits. He says that the only reason given by the Committee for its refusal was that he did not need the money. The Committee members assigned other reasons.

We think the record does not disclose that the Committee was guilty of any conduct which would justify a court's interference in the internal affairs of the corporation. The business judgment rule discussed in 5 Fletcher, Cyclopedia Corporations, Permanent Edition, 1952, § 2104, beginning at page 450, is analogous to the situation here. The judgment of the Retirement Committee was not wrongful in any respect and it was a judgment that the Committee had the power to make. Courts do not interfere with that kind of an exercise of a good faith, lawful discretionary determination. *Menke v. Thompson,* 140 F2d 786 (8th CCA 1944), and see annotation in 42 ALR2d beginning at page 472.

Teren has not presented any cause that would justify a court order compelling the Retirement Committee to grant the pension allowance. For obvious reasons, it would be a futile gesture to require reconsideration. For these reasons the decree is affirmed.